STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-12-09
MGK - AND - 6/24/2013

ANTHONY R. GUNNELLS, SR.,
    Petitioner

v.

ORDER ON
80C PETITION

MAINE UNEMPLOYMENT
INSURANCE COMMISSION
    Respondent

RECEIVED & FILED

JUN 24 2013

ANDROSCOGGIN
SUPERIOR COURT

Before the Court is Claimant Anthony Gunnell's 80C appeal from Decision No. 12-C-02382 of the Maine Unemployment Insurance Commission, which concluded Claimant was disqualified from receiving unemployment benefits because he voluntarily left his job without good cause attributable to the employment.

BACKGROUND

Claimant worked as an automotive technician for Bodwell Chrysler Dodge from 1987 until his last day of work on June 11, 2010. He worked 42 hours a week and was paid $19.50 an hour.

On June 11, 2010, the Claimant saw a repair order to do work on a 1970s motorhome. Claimant was angry that he had to do the repair because the motorhome was too large for the hydraulic lifts in the garage and it had to be worked on out in the parking lot using regular jacks. The Claimant had knee and back problems and decided he deserved a raise if he was going to be required to crawl around under the motorhome. He believed the assignment was "above and beyond" what he usually worked on.

1

Claimant met with the service manager Mike Jamison and told him he wanted more money for the work. Mr. Jamison told Claimant that he could not "pick and choose" his work assignments and asked if Claimant would complete the work. Claimant said he would do it for more money and Mr. Jamison said that he was not authorized to approve any raises at that time. Mr. Jamison told Claimant he would have to go home if he refused to do the work. Mr. Jamison urged Claimant to think about it over lunch, but he declined to do so. Claimant turned in his keys and left.

Claimant never said, "I quit" and the employer never said, "You're fired." The Commission found that Mr. Jamison told Claimant he would have to go home if he refused to do the work, Claimant declined to rethink the decision, and the Claimant left.

The Claimant applied for unemployment benefits, which were denied in a deputy decision concluding that he was disqualified under 26 M.R.S.A. § 1193(1) because he quit voluntarily without good cause. Claimant appealed to the Division of Administrative hearings, which held a telephonic hearing on September 8, 2010. On September 10, the Hearing Officer affirmed the deputy decision but reasoned that the Claimant was disqualified under 26 M.R.S.A. § 1193(2) because he had been discharged for misconduct. The Claimant was out of state attending a funeral and did not appeal the decision until he returned. The Maine Unemployment Insurance Commission issued a decision finding that the Claimant's appeal was untimely and then denied his request for reconsideration. Claimant then appealed to this Court, which entered an order remanding the case to the Commission for further hearing on the issue of timeliness.

2

On May 23, 2012, the Commission held a hearing. The Commission informed Claimant that it had already deemed the appeal timely and proceeded to take evidence on the merits of the appeal. On June 25, 2012, the Commission issued a decision concluding that Claimant was disqualified from receiving benefits because he had voluntarily quit his job without good cause attributable to the employment. The Commission found, alternatively, that Claimant was terminated for misconduct. That decision is on appeal here pursuant to Maine Rule of Civil Procedure 80C.

### STANDARD OF REVIEW

In its appellate capacity, the Superior Court reviews agency decisions for "abuse of discretion, error of law, or findings not supported by the evidence." *Rangeley Crossroads Coal. v. Land Use Reg. Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223. The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995). "Inconsistent evidence will not render an agency decision unsupported." *Id.* "Judges may not substitute their judgment for that of the agency merely because the evidence could give rise to more than one result." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1209 (Me. 1982) (citation omitted). Rather, the court will defer to administrative conclusions when based on evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*

In doing so, the court must give great deference to an agency's construction of a statute it is charged with administering. *Rangeley Crossroads Coal.*, 2008 ME 115, ¶ 10, 955 A.2d 223.

3

Under Maine's unemployment compensation statute, an individual is disqualified from receiving benefits if he "left regular employment voluntarily without good cause attributable to that employment."[1] 26 M.R.S.A. § 1193(1).

An employee leaves work "voluntarily" when he freely makes an affirmative choice to leave his employment. *Brousseau v. Me. Emp't Sec. Comm'n*, 470 A.2d 327, 330 (Me. 1984). An employer-initiated separation is involuntary, while an employee-initiated separation is voluntary. *Toothaker v. Me. Emp't Sec. Comm'n*, 217 A.2d 203, 206 (Me. 1966) ("[A] separation by act of the employer, for example, by discharge or layoff is involuntary, and by will of the employee is voluntary.").

An employee who leaves work voluntarily may still be qualified for benefits if he or she had "good cause" for doing so. "Good cause exists when the pressure of real, substantial and reasonable circumstances compels the employee to leave." *Sprague Elec. Co. v. Me. Unemp't Ins. Comm'n*, 544 A.2d 728, 731 (Me. 1988). The employee must have been forced to leave due to "outward pressures." *Id.* The court uses an objective test to determine whether a claimant has established good cause. *Spear v. Me. Unemp't Ins. Comm'n*, 505 A.2d 82, 84 (Me. 1986). Thus, subjective inward pressures do not amount to "good cause" attributable to the employment. *Id.*

The Commission decided that Claimant had left his job voluntarily, although the Hearing Officer found that he was discharged for misconduct.

---

[1] The disqualification begins the week in which the claimant leaves, and "continues until the claimant has earned 4 times the claimant's weekly benefit amount in employment by an employer." *Id.*

4

Even though Mr. Jamison apparently told Claimant he would have to "go home" if he did not work on the motorhome, it was ultimately Claimant's decision to refuse. Being required to "go home" and have his employment terminated was the natural consequence of his intentional decision; refusing the assignment was comparable to quitting because Claimant knew what the direct consequence would be. Thus, the Commission's decision was supported by competent evidence in the record.[2]

The Commission further concluded that Claimant did not have "good cause" for leaving his job. It found, "the reason that the claimant left work was because the service manager refused to give claimant a pay increase to work on the motor home." This finding is amply supported in the evidence, as Claimant testified at length about how he believed he deserved more money for doing that particular job.[3] Claimant does not point to any evidence that such pay raise was provided for under an employment agreement or otherwise promised. Thus, the record supports the Commission's conclusion that Claimant failed to show good cause under the objective standard and the Court should not substitute its judgment for that of the Commission.

---

[2] Furthermore, there is competent evidence in the record for the Commission's alternate conclusion that the Plaintiff was discharged for misconduct, which would also disqualify Claimant.

[3] Although he also complained to Mr. Jamison that he had knee and back problems, the Commission found that Mr. Jamison's refusal to give him a raise was the overriding reason for his departure. Claimant was also upset over an offensive mock repair order and unsafe jacks for working on the motorhome, but he did not voice these concerns to Mr. Jamison. *Merrow v. Me. Unemp't Ins. Comm'n*, 495 A.2d 1197, 1201 (Me. 1985) (employer must be given opportunity to change offensive condition before good cause arises).

5

The entry is:

       The Court AFFIRMS the decision of the Unemployment Insurance Commission.

_6/24/13_
DATE

_____
SUPERIOR COURT JUSTICE

7-20-12           Androscoggin           Docket No. AP-12-09

Action: 80C Appeal

| | | |
|---|---|---|
| Anthony Gunnells, Sr.<br>4 Zamore Street<br>Lisbon, ME 04250 | vs. | Unemployment Insurance<br>Commission |

| | |
|---|---|
| Plaintiff's Attorney | Elizabeth Wyman, Esq.<br>Office of Attorney General<br>6 State House Station<br>Augusta, ME 04333 |

Date of
Entry

2012

July 20      Received 07-20-12:
             80C Appeal filed.

Jan 17      Received 01-17-13:
             Entry of Appearance of Elizabeth Wyman, Esq. for Maine Unemployment
             Commission.

Feb 19      Received 02-19-13:
             Administrative Record filed.

Feb 19      On 02-19-13:
             Notice and Briefing Schedule filed.
             Appellant's Brief is due on or before April 1, 2013.

Mar 22      Received 03-22-13:
             Appellant's Brief filed.

Apr 16      Received 04-16-13:
             Respondent's Brief filed.